UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Charles Edward Goodman,

          Petitioner,      Case No. 17-cv-11884

v.                               Judith E. Levy
                               United States District Judge
Bonita Hoffner,

                               Mag. Judge David R. Grand
          Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS THE HABEAS PETITION [5],
DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is presently before the Court on Petitioner Charles Edward Goodman's *pro se* habeas corpus petition under 28 U.S.C. §§ 2241 and 2254 (Dkt. 1) and respondent Bonita Hoffner's motion to dismiss the petition (Dkt. 5). For the reasons set forth below, Respondent's motion is granted, and the habeas petition is dismissed.

**I. Background**

Petitioner was charged in Wayne County, Michigan with first-degree murder, Mich. Comp. Laws § 750.316, assault with intent to

commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. The evidence at Petitioner's jury trial in the former Detroit Recorder's Court established that

> the killing took place following an argument at Johnny's Corner Bar in the City of Detroit. According to witnesses, the victim's sister was dancing in the bar when defendant repeatedly touched her on the buttocks. An argument followed, during which defendant asked the victim and the victim's brother if they wanted to "come outside." Defendant then left the bar with others while the victim and his brother remained inside. Once outside the bar, defendant told the bar's owner that he would leave the bar before starting any trouble. Another witness testified that defendant shouted "load 'em up" as he left the bar. Several minutes later, the victim and his brother exited the bar. Defendant then shot the victim in the chest with a sawed off shotgun.

*People v. Goodman*, No. 123587 (Mich. Ct. App. May 21, 1992).

On June 15, 1989, the jury found Petitioner guilty of first-degree murder, assault with intent to commit murder, and felony firearm. On June 30, 1989, the trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole for the murder conviction, a concurrent prison term of life imprisonment with the possibility of parole for the assault conviction, and a consecutive term of two years in prison for the felony-firearm conviction.

On appeal from his convictions, Petitioner argued that: (1) there was insufficient evidence of premeditation and deliberation to support his conviction for first-degree murder; (2) the trial court deprived him of a fair trial by failing to maintain an impartial attitude and by belittling defense counsel; (3) the prosecutor testified when challenging a witness's testimony; and (4) the prosecutor argued facts not in evidence during closing arguments. The Michigan Court of Appeals rejected each of Petitioner's claims and affirmed his convictions. *See id*. Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal on December 2, 1992. *See People v. Goodman*, 495 N.W.2d 385 (Mich. 1992).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year statute of limitations for prisoners challenging a state conviction. *See* 28 U.S.C. § 2244(d). More than eighteen years after, on January 15, 2015, Petitioner filed a motion for relief from judgment in the state trial court. He alleged that: (1) he was denied a fair trial by an impartial jury due to the trial court's failure to have the jury sworn on the record; (2) his constitutional rights were not protected when the court failed to conduct

a competency hearing; (3) his trial attorney was ineffective for not investigating his mental state and for failing to ensure that a competency hearing was held; (4) he was entitled to a reversal of his conviction because testimonial evidence from eyewitnesses supported his claim of actual innocence; and (5) his appellate attorney was ineffective for not asserting the claims raised in his motion. The trial court's successor denied Petitioner's motion under Michigan Court Rule 6.508(D) because Petitioner raised, or could have raised, his claims on appeal. *See People v. Goodman*, No. 88-011919-01 (Wayne Cty. Cir. Ct. Mar. 16, 2015).

In 2015, Petitioner also filed a motion to settle or to expand the record. The state court treated the motion as a second or successive motion for relief from judgment and then denied the motion. *See People v. Goodman*, No. 88-011919-01 (Wayne Cty. Cir. Ct. Mar. 25, 2015). Petitioner moved for reconsideration, but the trial court denied that motion as well. *See People v. Goodman*, No. 88-011919-01 (Wayne Cty. Cir. Ct. May 28, 2015).

Petitioner subsequently applied for leave to appeal in the Michigan Court of Appeals. The Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule. 6.508(D).

*See People v. Goodman*, No. 328106 (Mich. Ct. App. Aug. 20, 2015). On September 27, 2016, the Michigan Supreme Court likewise denied leave to appeal under Rule 6.508(D), *see People v. Goodman*, 885 N.W.2d 247 (Mich. 2016), and on November 30, 2016, the State Supreme Court denied reconsideration. *See People v. Goodman,* 887 N.W.2d 185 (Mich. 2016).

Finally, on June 8, 2017, Petitioner signed his habeas corpus petition, and on June 13, 2017, the Clerk of the Court filed the petition. Petitioner argues as grounds for relief that: (1) the state trial court deprived him of a fair trial by an impartial jury when the court failed to have the jury sworn; (2) he was the victim of a biased judge, and both the prosecutor and defense counsel failed to protect his constitutional rights when the trial court failed to conduct a competency hearing; (3) defense counsel was ineffective for not investigating his mental state and for failing to ensure that a competency hearing was held; (4) testimonial evidence from eyewitnesses support his claim of actual innocence and require his release from custody; and (5) appellate counsel was ineffective for not presenting the claims asserted in the habeas petition on direct appeal.

## II. Analysis

### A. The Statute of Limitations

AEDPA's provisions govern this case because Petitioner filed his habeas petition after the law was enacted. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011). Among other things, AEDPA established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period ordinarily runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has not argued in favor of a delayed start to the statute of limitations under 28 U.S.C. § 2244(d)(1)(B)-(D), and his convictions became final under § 2244(d)(1)(A) early in 1993, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that, for habeas petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1. But, because Petitioner's convictions became final before AEDPA was enacted, he was entitled to a one-year grace period to file his habeas petition. *Griffin v. Rogers*, 399 F.3d 626, 632 (6th Cir. 2005) (citing *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000)).

7

Petitioner did not pursue any state or federal remedies during the one-year grace period that followed AEDPA's enactment on April 24, 1996. Therefore, the statute of limitations ran uninterrupted for one year, and it expired on April 24, 1997.

Eight years later, in 2015, Petitioner filed his motion for relief from judgment and motion to settle or to expand the record in the state trial court. The time during which a properly filed state post-conviction motion is pending must not be counted toward the habeas period of limitations. 28 U.S.C. § 2244(d)(2); *Holbrook*, 833 F.3d at 615. By 2015, however, the one-year limitations period had already expired. Petitioner's post-judgment motions did not "'revive' the limitations period (i.e., restart the clock at zero)," because § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998) (quoted with approval in *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)). Consequently, Petitioner's post-conviction motions did not affect the one-year limitations period, and he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

## B. Equitable Tolling

AEDPA's limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). Nevertheless, the Supreme Court has made clear that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner waited almost nineteen years after AEDPA was enacted to file his first motion for relief from judgment. Thus, he has not been diligent in pursuing his rights. He also has not shown that some extraordinary circumstance stood in his way of filing a timely habeas

9

petition. The Court therefore declines to equitably toll the limitations period.

Furthermore, although "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations," *Ata*, 662 F.3d at 742, to obtain equitable tolling on the basis of mental incompetence,

> a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Id*.

Petitioner has not presented any evidence of his mental health status during the limitations period, and he has not shown that his alleged mental incompetence caused the untimely filing of his habeas petition. His assertion of mental incompetence at trial is insufficient to equitably toll the habeas limitations period. *See id*.; *see also Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851–52 (6th Cir. 2017).

For these reasons, equitable tolling of the limitations period is not appropriate in this case.

**C. Actual Innocence**

"[A]ctual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations."[1] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[I]n making an assessment of the kind *Schlup* envisioned, 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup*, 513 U.S. at 332).

---

[1] Respondent argues that "[t]o the extent that Goodman is raising a freestanding claim of actual innocence, such a claim would not be cognizable on federal habeas review." (Dkt. 5 at 15.) However, the Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin*, 569 U.S. at 392 (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)). However, Petitioner does not assert a freestanding claim of actual innocence based on newly discovered evidence, as Respondent suggests.

Petitioner claims to be actually innocent, but he merely asserts that he did not fit the description of the shooter provided by witnesses at trial and that there is nothing in the record to suggest he had an intent to kill. (*See* Dkt. 1 at 32.) Petitioner has not presented the Court with any new evidence of actual innocence, and the Michigan Court of Appeals determined on direct review that there was sufficient evidence to establish that the killing was premeditated and deliberate. In reaching this conclusion, the Court of Appeals noted that "[t]he interval between the argument and the shooting clearly provided [Petitioner] with the opportunity to take a second look at his actions before shooting the victim." *Goodman*, Mich. Ct. App. No. 123587, at 2. Petitioner, therefore, has not made a credible showing of actual innocence in his petition.

In his reply brief, Petitioner attempts to support his claim of actual innocence by asserting that he was incompetent to stand trial and that the trial court failed to conduct a competency hearing after his mental evaluation. The state trial court's successor, however, noted on post-conviction review that a psychiatric examination to determine both criminal responsibility and diminished capacity was held and that the results for both examinations came back within normal ranges. *See*

*People v. Goodman*, No. 88-011919-01 (Wayne Cty. Cir. Ct. Mar. 16, 2015).

### III. Conclusion

To summarize, Petitioner filed his habeas corpus petition years after the one-year statute of limitations expired, and he is not entitled to statutory or equitable tolling of the limitations period. In addition, his claim of actual innocence is not sufficient to allow him to avoid the statute-of-limitations and have his claims heard on the merits. Accordingly, Respondent's Motion for Dismissal of the Petition for Writ of Habeas Corpus (Dkt. 5) is GRANTED, and the Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED WITH PREJUDICE.

Federal Rule of Appellate Procedure 22(b) provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires a federal district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), which is satisfied only if reasonable jurists could debate whether, or agree that,

the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

For the reasons set forth above, reasonable jurists would not debate whether this Court's procedural ruling was correct or whether the petition states a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability is DENIED.

A petitioner may be granted *in forma pauperis* status on appeal if the appeal can be taken in good faith, which "requires a showing that the issues are arguable on the merits and are, therefore, not frivolous; it does not require a showing of probable success." *Thomas v. Jackson*, No. 06-13105-BC, 2007 WL 1424603, at *1 (E.D. Mich. May 14, 2007).

Here, Petitioner is unlikely to succeed on appeal, and an appeal of this order may not be taken in good faith. Accordingly, Petitioner is DENIED leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: August 21, 2018  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2018.

  s/Shawna Burns
  SHAWNA BURNS
  Case Manager